IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY KRISHAN,<br><br>  Petitioner,<br><br> vs.<br><br>DERRAL ADAMS, Warden,<br><br>  Respondent. | No. C 06-5305 JSW (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND AND INSTRUCTIONS TO THE CLERK**<br><br>(Docket No. 3) |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at California State Prison in Corcoran, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. Petitioner has filed a motion seeking to proceed in forma pauperis which is now GRANTED (docket no. 3). This order dismisses the petition with leave to amend within thirty days.

## BACKGROUND

According to the petition, Petitioner was convicted after trial of multiple sex offenses in Santa Clara County Superior Court and sentenced to a term of 295 years-to-life in prison. Petitioner appealed his conviction to the California Court of Appeal which denied the appeal in 2005. The Supreme Court of California denied his petition for review in 2005. Petitioner filed the instant federal habeas petition on August 7, 2006.

**DISCUSSION**

I.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

II.  Claims

Petitioner claims that the trial court violated his confrontation rights with regard to the admission of videotaped preliminary examination testimony of the victim. However, it is unclear from the petition whether the claim has been exhausted in the state courts, as Petitioner has stated in the petition that his appellate counsel did not raise this claim on appeal and has also noted in the petition that he has not filed any other applications with regard to this conviction in any court.  As such, it appears that the claim may not be exhausted.

A prisoner in state custody who wishes to challenge either the fact or length of his confinement by filing a federal petition for writ of habeas corpus must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he seeks to raise in federal court.  *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  The petition is ambiguous as to whether he has raised the claims he wishes to bring in this petition before the California Supreme Court.

2

He cannot proceed with any federal claim in federal court unless and until he has given the California Supreme Court a fair opportunity to rule on the merits of such a claim.

## CONCLUSION

For the foregoing reasons and for good cause shown, this action is dismissed with leave to file an amended petition within **thirty days** of the date of this order in which Petitioner presents only claims for violations of his rights under the laws, treaties, or Constitution of the United States. Each and every such claim must have been presented to the California Supreme Court before it may be asserted in a federal habeas action. The amended petition must contain the caption and civil case number used in this order and the words AMENDED PETITION on the first page. Failure to file an amended petition by the deadline will result in dismissal of this action.

It is Petitioner's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with any orders of the Court within the time allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases). The Clerk of Court is directed to provide Petitioner with a copy of this Court's habeas petition form.

IT IS SO ORDERED.

DATED:   02/09/07

JEFFREY S. WHITE
United States District Judge

3